**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

ALAN CRUMP,

        Plaintiff,

vs.                                      Case No.  2:07-cv-470-FtM-34SPC

TATE HAULERS, CORP., a Florida
corporation d/b/a Tate Towing, and
ROBERT M. TATE, individually,

        Defendants.
_____/

# **O R D E R**[1]

This case is before the Court on the Report and Recommendation (Doc. No. 23; Report) entered by the Honorable Sheri Polster Chappell, United States Magistrate Judge, on February 12, 2008.  In the Report, Magistrate Judge Chappell recommended that the Joint Stipulation for Dismissal With Prejudice (Doc. No. 22; Joint Motion), filed on February 1, 2008, be approved and that the Court dismiss this case with prejudice and direct the Clerk of the Court to close the file.  See Report at 2.  The parties have not filed objections to the Report and the time in which to do so has now passed.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see

_____

[1]     This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Thus, the Court has conducted an independent examination de novo review of the legal conclusions.  On July 30, 2007, Plaintiff filed his Complaint and Demand for Jury Trial (Doc. No. 1; Complaint), alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (FLSA).  See Complaint.  Plaintiff served Defendants with the summons and Complaint on September 5, 2007, see Return of Service (Doc. No. 8); Return of Service (Doc. No. 9), and Defendants answered the Complaint on September 21, 2007, see Answer (Doc. No. 10).  On September 24, 2007, the Court entered a Scheduling Order (Doc. No. 12) staying discovery and requiring the parties to exchange specific information and engage in settlement discussions.  On February 1, 2008, the parties filed the Joint Motion, advising the Court that they had resolved the dispute and seeking the Court's approval of the settlement.  See Joint Motion.  Attached to the Joint Motion, the parties submitted the Settlement Agreement and Full and Final Mutual Release of All Claims.  See id. Exh. 1.  As part of the settlement, the parties agreed that Defendants would pay Plaintiff $2,000.00 and Plaintiff's attorney $3,500.00.  See id. at 1; Ex. 1 at 2.

On May 27, 2008, the Court entered an Order, noting that Plaintiff's counsel had not provided an itemization of the time expended or the costs incurred on Plaintiff's behalf in this action, and directing Plaintiff's counsel to file this additional information.  See Order (Doc. No. 24).  On June 11, 2008, Plaintiff's counsel filed the Affidavit of Kelly Amritt, Esquire (Doc.

-2-

No. 25-2; Affidavit), to which she attached a fee ledger captioned "Alan Crump v. Tate Towing," see Affidavit Exh. 1, as well as various invoices identifying the costs incurred for which reimbursement was provided under the settlement agreement, see id. Exh. 2. See Plaintiffs' [sic] Notice of Filing Affidavit as Required by Court Order Dated May 27, 2008 (Doc. No. 25).

Upon review of the record, including the Report, Joint Motion, the Settlement Agreement and Full and Final Mutual Release of All Claims, and the Affidavit and its attached exhibits, the undersigned agrees with Magistrate Judge Chappell that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA provisions.[2]  Thus, the Court will accept and adopt Magistrate Judge Chappell's Report. Accordingly, it is hereby

**ORDERED:**

1.    With the addition of footnote 2, Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. No. 23) is **ADOPTED** as the opinion of the Court.

2.    The Joint Stipulation for Dismissal With Prejudice (Doc. No. 22) is **GRANTED**.

---

[2]    In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness of such award is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (Oct. 31, 2005)).  As the total fee award sought in this case is not patently unreasonable and Defendants do not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought.  Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate charged by Plaintiff's counsel constitutes a reasonably hourly rate in this or any applicable market.

3.     For purposes of satisfying the requirements of the FLSA, the Settlement Agreement and Full and Final Mutual Release of All Claims is **APPROVED**.[3]

4.     This case is **DISMISSED WITH PREJUDICE**.

5.     The Clerk of the Court is directed to terminate any pending motions or deadlines as moot and close this file.

**DONE AND ORDERED** at Fort Myers, Florida, this 23rd day of June, 2008.

**MARCIA MORALES HOWARD**
United States District Judge

lc5
Copies to:
Counsel of Record

---

[3]     The Court declines to retain jurisdiction to enforce the terms of the Settlement Agreement and Full and Final Mutual Release of All Claims. The terms of the agreement are not incorporated into this Order and will not be made a part of any judgment of this Court.